## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**In re:**

| | |
|---|---|
| **FRANK JOSEPH TUCKER, II,** | **HON. THOMAS J. TUCKER** |
| **TARA TUCKER,** | United States Bankruptcy Judge |
| Debtors(s). | CASE NUMBER: 12-13697 |
| | HONORABLE VICTORIA A. ROBERTS |

**DERRICK HILLS,**

    Plaintiff(s),

v.

**DANIEL M. McDERMOTT,**
**United States Trustee,**

    Defendant(s).
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Derrick Hills ("Plaintiff") is a Bankruptcy petition preparer who was ordered by the Bankruptcy Court to pay monetary damages to Debtors and United States Trustee ("Defendant"). On August 21, 2012, Plaintiff appealed Bankruptcy Judge Thomas J. Tucker's Order which imposes sanctions on him. However, Plaintiff failed to pay the filing fee and provided no explanation for the failure to pay the filing fee. On September 6, 2012, Defendant filed a motion to dismiss Plaintiff's claim saying that Plaintiff's appeal is untimely and thus, the Court lacks jurisdiction over the appeal. Plaintiff did not respond to the motion.

Defendant is correct. Under 28 U.S.C. § 158 (a)(1) there is a right to appeal only a final judgment, order or decree. An order is final if it disposes of the case. *Midland Asphalt Corp. v.*

*United States*, 489 U.S. 794, 798 (1989) (a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"). All other orders are interlocutory appeals. In order to appeal an interlocutory order, a party must first obtain permission from the appellate court. 28 U.S.C. § 158 (a)(3). To request this permission, he must file a notice of appeal with a motion for leave to appeal explaining why an interlocutory appeal should be granted. Fed. R. Bankr. P. 8001 (b), 8003(a). If appealing either a final order or an interlocutory order, the notice of appeal must be filed within 14 days of the date of the entry of the order being appealed. Fed. R. Bankr. P. 8002(a).

The Court need not address Plaintiff's appeal because it is not timely. In Plaintiff's notice of appeal, he says he is appealing an Order entered on April 25, 2012. The final Order disposing of the Bankruptcy matter was entered on June 18, 2012. Plaintiff filed notice of appeal on July 18, 2012, more than 14 days past both the final Order and Judge Tucker's April 25, 2012 Order. Plaintiff did not request an extension of time to file a notice of appeal from the Bankruptcy Court and time to request an extension has lapsed. Fed. R. Bankr. P. 8002(c)(2)("A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect"). Furthermore, Plaintiff failed to pay the filing fee and has provided no explanation for why he should proceed without payment of the filing fee.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss.

**IT IS ORDERED**.

                                            S/Victoria A. Roberts
Dated: October 3, 2012                           United States District Judge

> The undersigned certifies that a copy of this document was served on the attorneys of record and Derrick Hills by electronic means or U.S. Mail on October 3, 2012.
>
> S/Carol A. Pinegar
> Deputy Clerk